Rowe, J.
This is an action of contract in which the plaintiffs as trustee of the Old Colony Railroad seek to recover from the defendant for taxes paid by them to the City of New Bedford, the plaintiffs claiming that the defendant was obligated to pay them under the terms of a written lease entered into between the defendant and the plaintiffs. The plaintiffs base their claim under the following clause in the lease: “(3) All charges on the premises for water rents, water rates and lighting and taxes on lessee’s improvements shall be paid by the lessee.”
The trial judge found for the plaintiffs and the defendant contends that in so doing he has misconstrued the above clause, in that, as he contends, the word “improvements” applies only to real estate, that the words “lessee’s improvement” mean improvements or betterment of a previously existing structure made or constructed by the les *188 see, and that tanks, gasoline pumps and compressor hereinafter spoken of are not real estate. We are of the opinion that there was no error on the part of the trial judge.
A gasoline station had previously been operated on the premises by Mary Andrews et al. She sold to the defendant certain cement block structures and equipment on the premises in question. The evidence tended to show that when the defendant entered the premises, the cement block structures constituting the gasoline station were already constructed on the land, that the buildings were not portable and were attached to the land on a concrete block foundation; also that the defendant did not erect nor make any substantial repairs or alterations after he went into the premises, nor did he install pumps or tanks as these were already there when he took possession.
The following property, being that in question, was assessed to the plaintiffs: gas station, store and office, two hand pumps, two computing pumps, one tank and one compressor. There was testimony that all the above were on the premises when the defendant entered, also that some of these were not attached to the land, such as the compressor which was laid on boards and plugged into a wire outlet in the wall.
The plaintiffs having paid the tax on these items can now recover from the defendant on his covenant in the lease if they come properly within the meaning of “lessee’s improvements ’ ’.
Whether these items are deemed to come within the above quoted clause in the lease depends upon the intent of the parties in using the words “lessee’s improvement.” We are of the opinion that the term of the lease does apply to them.
Black’s Law Dictionary defines “improvements” as “a term used in leases, of doubtful meaning. It would seem *189 to apply principally to buildings, though generally it extends to the amelioration of every description of property, whether real or personal: but when contained in any documents, its meaning is generally explained by other words.”
In the case at bar the plaintiffs were in the railroad business and the defendant was in the gasoline business. The defendant claimed by bill of sale the property which the former tenant had in connection with her gasoline business. It is evident that it was the intent of the parties that the plaintiffs would pay the tax on the land as if unimproved and that the defendant would pay the tax as far as the premises were changed or improved by including on the premises those things which were connected with the defendant’s business. There is nothing to indicate that the parties intended that “lessee’s improvements” should mean only those things which were added or constructed by the defendant during the term of the lease as distinguished from those things which were upon the premises, to be used in the lessee’s business and of which he claimed ownership by virtue of the bill of sale from the tenant who had preceded him.
The defendant has placed a too restricted meaning upon the words “lessee’s improvements.” The case of Peters v. Stone, 193 Mass. 179, cited by the defendant is clearly distinguishable.
The fact that the taxes here were assessed to the lessor rather than the lessee, does not relieve the lessee of its obligation under the covenant of the lease. Eastern Mass. St. Ry. Co. v. Boston Elevated Railway Co., 310 Mass. 659.
As the covenant in the lease was properly construed by the trial judge, there has been no error and the plaintiffs were entitled to recover.
Report dismissed.